UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS MEJIA-QUINTANILLA, AKA
Wilfredo Oliva-Castro, AKA Sleepy,

Defendant-Appellant.

No.   17-15899

D.C. Nos.   3:16-cv-03591-CRB
                   3:11-cr-00293-CRB-2
Northern District of California,
San Francisco

ORDER

Before:  S.R. THOMAS, IKUTA, and NGUYEN, Circuit Judges.

Appellee's petition for panel rehearing (Dkt. 62) is GRANTED.  The memorandum disposition filed September 21, 2021, is withdrawn.  It may not be cited by or to this court or any district court of the Ninth Circuit.  A new memorandum disposition is filed simultaneously with the filing of this order.  The parties may file petitions for rehearing and petitions for rehearing en banc in response to the new memorandum disposition, as allowed by the Federal Rules of Appellate Procedure.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS MEJIA-QUINTANILLA, AKA
Wilfredo Oliva-Castro, AKA Sleepy,

Defendant-Appellant.

No.   17-15899

D.C. Nos.   3:16-cv-03591-CRB
3:11-cr-00293-CRB-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 2, 2021
Submission Vacated February 3, 2021
Resubmitted August 26, 2021
San Francisco, California

Before:  S.R. THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Carlos Mejia-Quintanilla appeals the district court's denial of his amended

motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  We have

jurisdiction under 28 U.S.C. §§ 1291, 2253, and 2255(d), and we dismiss the

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal because it is barred by the appellate waiver in Mejia-Quintanilla's plea agreement.[1]

Mejia-Quintanilla's written plea agreement expressly waived his right to appeal or collaterally challenge his conviction or sentence. Mejia-Quintanilla was convicted of a violation of 18 U.S.C. § 924(j)(1) and (2), which has the element of violating 18 U.S.C. § 924(c). The violation of § 924(c), in turn, has the element of carrying and using a firearm during and in relation to a crime of violence, in this case, murder in violation of California Penal Code § 187. Mejia-Quintanilla seeks to challenge this conviction on the ground that he is actually innocent of violating § 924(j)(1), because he could not have violated § 924(c) (an element of § 924(j)(1)). Specifically, he argues that pursuant to recent Supreme Court cases, § 187 murder is not a crime of violence under § 924(c). We reject his challenge. Because the language of Mejia-Quintanilla's appellate waiver encompasses his right to appeal his conviction for violating § 924(j), the appellate waiver bars

_____

[1] Mejia-Quintanilla does not dispute that his appellate waiver was entered into knowingly and voluntarily.

Mejia-Quintanilla's challenge to his conviction. *See United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021), *cert. denied*, No. 21-7486 (U.S. Apr. 25, 2022).[2]

Mejia-Quintanilla argues that despite his appellate waiver, he retained the right to challenge his § 924(j) conviction because his claim of actual innocence is based in part on the Supreme Court's determination that one of the statutory definitions of "crime of violence" is unconstitutionally void for vagueness. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Mejia-Quintanilla argues that, pursuant to *Class v. United States*, 138 S. Ct. 798 (2018), he may raise this constitutional challenge because he did not expressly waive constitutional claims in his appellate waiver. We disagree. Even assuming that Mejia-Quintanilla's argument qualifies as a constitutional challenge to his conviction, *Class* does not stand for the proposition that an appellate waiver must expressly waive the right to bring constitutional claims in order to bar appeal of such claims. Rather, *Class* held that a guilty plea alone does not inherently bar the appeal of a conviction, 138 S. Ct. at 803, and noted that it was undisputed in *Class* that the written plea agreement in that case did not waive the defendant's appeal, *see id.* at 807. *Goodall*'s reasoning and conclusion does not conflict with *Class*, and we are bound

---

[2] Because we decide on this ground, we do not address Mejia-Quintanilla's argument that his failure to raise his claim of actual innocence on direct review is excused.

by our precedent to hold that Mejia-Quintanilla's appellate waiver is enforceable here.

**DISMISSED.**